**Orlando K. DAVIS, Plaintiff–Appellant,**

v.

**Joanne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–2336.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Kenneth F. Laritz, Clinton Township, MI, for Plaintiff–Appellant.

Ayrie Moore, Yusef Dale, Social Security Administration, Office of the General Counsel, Region V, Chicago, IL, for Defendant–Appellee.

Before SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.[*]

*ORDER*

■ Orlando K. Davis appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis filed his application for social security disability insurance benefits on July 8, 1999. Davis was born on November 16, 1963, and has an eighth grade education. He previously worked as an assembler, security guard, and shipping clerk. Davis was allegedly disabled due to depression. He also alleged that he suffered from severe pain and weakness in the back and legs as a result of gunshot wounds.

After a hearing, an administrative law judge (ALJ) found that Davis could perform a substantial number of jobs in the national economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Davis then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.

The court's review is limited to whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *See Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

Davis contends that the ALJ did not give proper weight to the medical opinions of his treating and examining physicians. Davis states that the ALJ erred in concluding that there was no medical evidence regarding Davis's mental impairment which would suggest that Davis would be unable to perform the unskilled, routine, simple jobs described by the vocational expert. Davis asserts that the ALJ's determination was not supported by the assessments of Dr. Roberts and the treatment records of Burdette & Doss Psychological Services. Davis states that Dr. Roberts is his treating psychiatrist. Davis argues that Dr. Roberts's treatment notes confirm his depression, anxieties, crying spells, impaired breathing, and decreased ability to concentrate.

The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.,* 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where good reason is found in the record to do so. *See Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988).

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In addressing Dr. Roberts's psychiatric evaluation, the ALJ noted that Dr. Roberts indicated that Davis has a multitude of symptoms related to his depressive disorder to the extent that Davis was unable to work. However, the ALJ rejected Dr. Roberts's evaluation noting that Dr. Roberts's conclusions were unsupported by Davis's record of treatment and the progress notes from Burdette & Doss. The ALJ found that the progress notes from Burdette & Doss suggest that Davis's condition improved with treatment and on several occasions encouraged Davis to become skilled in a different line of work due to his inability to perform his past employment. The ALJ concluded that the treatment notes suggest that Davis was able to perform limited to low stress work. Therefore, as the medical evidence did not support Dr. Roberts's evaluation, the ALJ did not commit reversible error in rejecting Dr. Roberts's evaluation indicating that Davis was unable to work.

■ Davis contends that the ALJ failed to properly assess his pain and mental limitations. Davis feels that his treating psychiatrist and physicians provide support for his complaints of depression, inability to concentrate, and pain which prevent his performance in a competitive work setting. In reviewing the medical evidence, the ALJ found that Dr. Roberts's opinion that Davis was disabled due to his mental impairments was contrary to the record. The ALJ noted that Davis began psychiatric treatment on a monthly basis with Burdette & Doss beginning in March of 2000. Davis was diagnosed with a major depressive disorder. Nonetheless, the early records indicate that Davis was capable of performing work in a different capacity. As of July 2000, the notes from Burdette & Doss indicate that Davis was not capable of performing his current job responsibilities. The multiple traumatic experiences in his life had created an un-

stable emotional mood. Burdette & Doss recommended that Davis not return to his current duties. However, the reports do not preclude Davis from performing less strenuous physical and mental work. He was simply found incapable of performing his past relevant work. Thus, in evaluating the medical evidence, the ALJ agreed with Davis's physicians at Burdette & Doss that Davis was unable to perform his past work. Further, the evidence also supports the ALJ's conclusion that Davis could perform sedentary work involving only simple routine tasks.

As of July 2000, Burdette & Doss noted that Davis complained of hallucinations, although Davis was encouraged by his counselor to seek additional job skills. In September 2000, Davis maintained that he planned to continue his education and seek further employment. Thus, the ALJ did not err in evaluating Davis's medical records.

Finally, Davis contends that the ALJ failed to present complete and accurate hypothetical questions to the vocational expert. Davis contends that the hypothetical questions to the vocational expert were defective as they did not precisely set forth all of Davis's impairments and limitations. Specifically, Davis argues that the ALJ's hypothetical questions were defective because they did not contain a limitation of low stress work. However, Davis did not raise this argument in his objections to the magistrate judge's report. As such, the argument is deemed to be waived. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).

The record establishes that the ALJ asked the vocational expert about jobs in the national economy which could be performed by an individual who, due to his medical and physical impairments, was limited to work with restrictions of lifting

no more than ten pounds; no prolonged standing or walking; no forced gripping or grasping; no twisting, flexing, or extreme motion; no use of vibratory tools; and no complex or varied tasks. The vocational expert testified that such an individual could perform fifteen thousand assembly, packaging, sorting, and inspecting jobs within the state of Michigan. Thus, the vocational expert's testimony establishes that there are a substantial number of jobs in the economy which Davis could perform. Because the vocational expert's testimony was in response to a hypothetical question which accurately reflected Davis's mental and physical limitations, the testimony constituted substantial evidence supporting the ALJ's decision. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987).

Accordingly, we affirm the district court's judgment.